IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  04-3083 |
| | ) |
| EXCEL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Cargill Meat Solutions Corporation, f/k/a Excel Corporation's (Excel) Motion for Summary Judgment (d/e 14). Plaintiff James Hill claims that Excel violated his rights under the Americans with Disabilities Act (ADA). 29 U.S.C. §12101, et seq.  Hill works for Excel.  He claims that he was a qualified person with a disability, and Excel violated the ADA by placing him on medical leave from October 2002 to August 2003.  He claims that Excel should have accommodated his disability by placing him in an available, vacant position that he could have performed with his limitations.  Excel claims that no such position was available.  Hill has failed to present

1

evidence showing that such a position was available. The Motion is, therefore, ALLOWED.

## STATEMENT OF FACTS

Hill is employed by Excel at its hog processing plant in Beardstown, Illinois. Hill has worked at the plant since the early 1970's. Excel acquired the plant in 1987, and Hill began working for Excel at that time. Hill is a member of a union and his employment at Excel is governed by a collective bargaining agreement. Under the terms of the collective bargaining agreement, open jobs are posted for bidding. Under the bidding process, the qualified employee with the highest seniority who bids on the position will receive it.

Beginning in 1996, Hill suffered injuries and underwent several surgeries. As a result, he has several physical limitations. Due to these limitations, Excel has, over the years, assigned Hill to various jobs that fit within his restrictions.

Hill was again injured in August 2002. At that time he worked at Excel in the monitor final rail job. After that injury, Hill's treating physician placed permanent restrictions on his work; Hill could not perform work that required: (1) lifting more than five pounds below shoulder level; (2) lifting

anything above shoulder level; (3) working in facilities with temperatures below 50 degrees; (4) working above shoulder level; (5) pushing or pulling; (6) climbing ladders; (7) engaging in repetitive motions; (8) working with high-speed or moving machinery; (9) performing repetitive shoveling or sweeping; or (10) kneeling, squatting, crawling or stooping.[1]  As a result of these restrictions, Hill could no longer perform the monitor final rail job. <u>Defendant's Memorandum of Law in Support of its Motion for Summary Judgment (d/e 15) (Defendant's Memorandum)</u>, Statement of Undisputed Facts, ¶¶ 9-10; <u>Response and Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and Local Rule 7.1(D)(2) (d/e 23) (Plaintiff's Response)</u>, Undisputed Material Facts, ¶¶ 4-5.

After the August 2002 injury, Hill and representatives of Excel toured the plant to see if any positions were available that Hill could perform in light of his permanent restrictions.  According to Hill, he could have performed an open position that had been formerly performed by a man named Mike Coulter (Coulter Position).  <u>Plaintiff's Response</u>, Exhibit A,

---

[1] Hill was subject to some of these restrictions prior to the August 2002 injury. The adverse employment action, however, occurred after the August 2002 injury, so the relevant restrictions on his ability to work are those that existed after August 2002.

James Hill Deposition (Hill Deposition) at 46-48. The parties referred to the Coulter Position as a "trim back fatback" position or "save lean trace" position. The Court will refer to this type of job as a save lean trace position. Excel did not place Hill in the Coulter Position. Rather, Excel placed Hill on medical leave in October 2002. Excel's Human Resource Manager Suzanne Young states in her affidavit that Coulter took family medical leave in November 2002. Defendant's Reply in Support of Its Motion for Summary Judgment (d/e 25), Exhibit 2, Affidavit of Susan Young (Young Affidavit), ¶ 3. Excel considered Coulter to be occupying the Coulter Position while he was on family medical leave. Id. Thus, according to Excel, the Coulter Position was not vacant and available for Hill at that time.

    Hill states in his deposition that sometime in 2003, while he was on medical leave, another save lean trace position opened up (Second Position). Hill Deposition at 125-128. Hill put in a bid for the Second Position. He states that a plant nurse at Excel told him to call his doctor to have the doctor lift some of the restrictions so that he could meet the requirements of the Second Position. Hill states in his deposition that by the time he got home to call his doctor, the nurse at Excel had already called his doctor,

4

"and said he is going to be standing at a table, he's going to be trimming this meat, and all he has to do is throw it in a vat." Id. at 127. Hill states that this was an incorrect description of the Second Position. His doctor did not change the restrictions on his work at that time, and Hill did not get the Second Position. Id.

According to Susan Young, the Second Position opened on June 19, 2003. She states that Hill did not receive the Second Position because the save lean trace position required working in cold temperatures, and Hill could not work at cold temperatures. Young Affidavit, ¶ 4.

On July 20, 2003, Mike Coulter died. Excel then posted the Coulter Position as a vacant position. Hill bid on the Coulter Position. On August 3, 2003, Hill's physician issued a status report in which he modified Hill's permanent restrictions to allow him to work at temperatures of 45 degrees as long as he wore warm clothing. Reply, attached Hill Deposition Exhibit 26. With this change in Hill's restrictions, he was qualified for the Coulter Position. Hill Deposition at 125-26. Excel then called Hill back to work and placed him in the Coulter Position in August 2003. He has continued

to work at Excel in several different positions.[2]

## ANALYSIS

Excel now moves for summary judgment. At summary judgment, Excel must present evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented in the light most favorable to Hill. Any doubt as to the existence of a genuine issue for trial must be resolved against Excel. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once Excel has met its burden, Hill must present evidence to show that issues of fact remain with respect to an issue essential to his case, and on which he will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

To establish a claim of disability discrimination, Hill must show that he was disabled within the meaning of the ADA, that he was qualified to perform the essential functions of the job, either with or without a

---

[2] Hill also states in his deposition that Excel cut his pay by $.05 per hour for about one month in October 2002 before placing him on medical leave. Hill Deposition at 161-63. Such a slight, temporary change in pay is not material. See Fyfe v. City of Fort Wayne, 241 F.3d 597, 602 (7th Cir. 2001). Hill does not argue in his Response that this one-month, $.05 per hour pay reduction is a basis for relief.

reasonable accommodation, and that he suffered an adverse employment action because of his disability. Moore v. J.B. Hunt Transport, Inc., 221 F.3d 944, 951 (7th Cir. 2000). Reassignment to a vacant position that the disabled person can perform constitutes a reasonable accommodation. Ozlowski v. Henderson, 237 F.3d 837, 840 (7th Cir. 2001). A plaintiff has the burden of showing that a position for which he was qualified was vacant. Id. A position, however, is not vacant if the employer has elected not to fill the position based on a reason that is wholly independent of the plaintiff's disability. Id. at 841.

Hill claims that he was a qualified person with a disability and that Excel was obligated to make the reasonable accommodation by placing him, in 2002, in the Coulter Position or, in 2003, in the Second Position. Excel responds that placing Hill in either of these positions was not a reasonable accommodation because: (1) the Coulter Position was not vacant because Coulter was on family medical leave, and Excel considered him to still be occupying the position; and (2) Hill was not qualified for the Second Position because, according to Hill's permanent restrictions at the time, he could not work at temperatures below 50 degrees, and the save lean trace position required working in conditions that were below that temperature.

7

The undisputed, competent evidence supports Excel's position. The Coulter Position was not vacant because Excel was holding it open for Coulter while he was on family medical leave. Excel was obligated by the Family and Medical Leave Act to allow Coulter to return to his prior employment, or equivalent employment, if he returned from family medical leave. 29 U.S.C. § 2614. The decision to keep the Coulter Position open to meet this legal obligation to Coulter was a valid reason that was independent of Hill's disability; the Coulter Position, therefore, was not vacant. Ozlowski, 237 F.3d at 841.

Hill has also failed to present competent evidence to show that he was qualified for the Second Position when it became available. The undisputed evidence shows that when the Second Position came open in June 2003, Hill's permanent restrictions did not allow him to work at temperatures below 50 degrees. Hill, thus, was not qualified for the Second Position when it became available.[3] Hill states in his deposition that Excel's nurse misrepresented the nature of the Second Position to his doctor, and as a result, his doctor did not change the permanent restrictions at that time.

---

[3] Hill states in his deposition that this restriction had to be modified before he was qualified to perform the Coulter Position, which was also a save lean trace job. Hill Deposition at 126.

This evidence, however, is hearsay. Hill does not claim to have personal knowledge of the nurse's conversation with his doctor. Rather, he found this out when he called his doctor. Hill Deposition at 126-27. Hill's doctor, or someone at Hill's doctor's office, told Hill what the Excel nurse told the doctor. Such evidence is not competent at summary judgment. Fed. R. Civ. P. 56(e). Hill has not presented competent evidence to show that he was qualified for the Second Position when it became available.

Hill has failed to present evidence that Excel had a vacant position for which he was qualified; he therefore has failed to present evidence that Excel could have continued to employ him from October 2002 to August 2003, with or without a reasonable accommodation. Excel is entitled to summary judgment.

THEREFORE, Defendant Cargill Meat Solutions Corporation, f/k/a Excel Corporation's (Excel) Motion for Summary Judgment (d/e 14) is ALLOWED. Summary judgment is entered in favor of Defendant Cargill Meat Solutions Corporation, f/k/a Excel Corporation and against Plaintiff James Hill. All pending motions are denied as moot. This case is closed. IT IS THEREFORE SO ORDERED.

ENTER:   December 8, 2005.

   FOR THE COURT:

                             s/ Jeanne E. Scott
                         JEANNE E. SCOTT
                    UNITED STATES DISTRICT JUDGE